IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                        Case No.11-00223-01/14-CR-W-ODS

GERALD A. POYNTER,II, et al,

        Defendant.

## DISCOVERY ORDER

To ensure that commencement of discovery is not delayed following arraignment and that the parties are adequately prepared to discuss pre-trial deadlines at the scheduling conference, the following schedule is established for the commencement of discovery.[1]

### I. DISCOVERY PROVIDED BY THE GOVERNMENT

**Within ten days** from the date of arraignment, the government shall disclose or make available for **inspection, copying or photographing** to defense counsel, the following information within the possession, custody and control of the government or the existence of which is known or by the exercise of due diligence may become known to the attorney for the government:

    **A.**    **CONVICTIONS**

        1.    A copy of the prior criminal record of the defendant, if any, which is within the possession, custody, or control of the government, the existence of which

---

[1]During the arraignment, defense counsel requested all discovery to which their client may be entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the United States Constitution. The government requested reciprocal discovery to which it is entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the United States Constitution.

is known, or by the exercise of due diligence may become known, to the attorney for the government.

2. A written list of the defendant's prior felony convictions which the government intends to use for impeachment.

B. **STATEMENTS**

1. Any written or recorded statement, or copy thereof, made by the defendant which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

2. The substance of any oral statement made by the defendant whether before or after arrest, to an attorney for the government, a Federal agent, or any other law enforcement officer.

3. The recorded testimony of the defendant before a Grand Jury which relates to the offense charged.

C. **OTHER DISCOVERY**

1. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

2. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

D. **EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

1. Identify and provide a list of the physical or tangible evidence seized pursuant to a state or federal search warrant, consent of the defendant or of some other person or incident to the arrest of the defendant and as to each item described and identified provide the following:

    a. The location from which the evidence was seized;
    b. The date and time of the search and seizure;

   c. The name and address of the person(s) making the seizure;
   d. The name and address of any witness(es) to the seizures; and
   e. In lieu of items (a) through (d), the government can provide all reports relating to any search and seizures within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

  2. Identify and list by date all electronic surveillance including any court ordered interceptions of oral or wire communications, consensual recordings of telephone conversations, body recorders, wiretaps, pen registers or trap and trace devices, video cameras, or bank surveillance cameras and provide the following:

   a. A description of the type of electronic surveillance;
   b. The location of the electronic surveillance;
   c. The date and time of the surveillance;
   d. Copies and transcripts of any recorded conversations;
   e. All videotape, including bank surveillance tapes; and
   f. All logs, notes, reports or other material relating to the electronic surveillance.

  3. Disclosure of any identification procedure that has been used either by way of lineups or photographic or voice identification and for each such procedure provide the following information:

   a. The name and address of each identification witness;
   b. The method of identification;
   c. The specific items used in the identification procedure, i.e. photographs, tape recordings, etc.;
   d. The date and location of the identification procedure;
   e. The results of the identification procedure; and
   f. Notes, memorandum, reports and records regarding the identification procedure.

## II. DISCOVERY PROVIDED BY THE DEFENDANT

**A. DOCUMENTS / REPORTS / TESTS**

Upon compliance with the government's discovery obligations under sections I.C.1. or I.C.2. above, the defendant shall permit the government to **inspect, copy or photograph** the following categories of material:

3

1. Any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

2. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

B. **ALIBI EVIDENCE**

1. **Within thirty days** from the date of arraignment, defendant shall serve upon the government a written notice of the defendant's intention to offer a defense of alibi. Such notice shall state the specific place of places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

2. **Within twenty days thereafter, but in no event less than ten days before trial,** the government shall serve upon the defendant a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

3. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished above, the party shall promptly notify the other party of the existence and identity of such additional witness.

### III. EVIDENCE FAVORABLE TO THE DEFENSE[2]

---

[2]The parties are to be prepared to disclose to the Court at the final pretrial conference the method used to determine whether any favorable evidence exists in the government's investigative file. The government is advised that if any portion of the government's investigative file or that of any investigating agency is not made available to the defense for inspection, the Court will expect that trial counsel for the government or an attorney under trial counsel's immediate supervision who is familiar with the Brady/Giglio doctrine will have reviewed the applicable files for purposes of ascertaining whether evidence favorable to the defense is contained in the file.

4

A.  **BRADY EVIDENCE**

**Within ten days** from the date of arraignment, the government is directed to disclose all evidence favorable to the defendant within the meaning of Brady v. Maryland.

B.  **GIGLIO IMPEACHMENT EVIDENCE**

**No later than fifteen days prior to trial,** the government is directed to disclose all evidence which may tend to adversely affect the credibility of any person called as a witness by the government pursuant to Giglio v. United States and United States v. Agurs, including the arrest and/or conviction record of each government witness, any offers of immunity or lenience, whether made directly or indirectly, to any government witness in exchange for testimony and the amount of money or other remuneration given to any witness.

C.  **ENTRAPMENT EVIDENCE**

**Within ten days** from the date of arraignment, the government is directed to provide discovery, inspection, and copying or photographing of any information suggesting entrapment of the defendant which is within the possession, custody or control of the government or the existence of which is known or by the exercise of due diligence may become known to the government attorney.

**IT IS SO ORDERED.**

/s/ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE