1

2                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE WESTERN DISTRICT OF MISSOURI
3                              WESTERN DIVISION

4  UNITED STATES OF AMERICA,      ) Case No. 11-00223-08-10-11-14-
                                  )    CR-W-ODS
5             Plaintiff,          ) Kansas City, Missouri
                                  ) November 10, 2011
6  v.                             )
                                  )
7  ROBERT E. MORRIS,              )
   JEFFREY A. OLSON,              )
8  KAREN A. OLSON,                )
   JENNIFER S. WILSON,            )
9                                 )
              Defendants.         )
10 _____)

11                 TRANSCRIPT OF DISCOVERY CONFERENCE
                  BEFORE THE HONORABLE SARAH W. HAYS
12                  UNITED STATES MAGISTRATE JUDGE

13 APPEARANCES:

14 For the Plaintiff:          Daniel M. Nelson, Esq.
                               Thomas A. Larson, Esq.
15                             AUSA
                               400 E. Ninth St., Ste. 5510
16                             Kansas City, MO  64106
                               (816) 426-3122
17
   For Def. Morris:            Robin D. Fowler, Esq.
18                             7944 Santa Fe Drive
                               Overland Park, KS  66204
19                             (913) 652-9800

20 For Def. J. Olson:          John G. Gromowsky, Esq.
                               1100 Main Street, Ste. 2800
21                             Kansas City, MO  64105
                               (816) 842-1130
22
   For Def. K. Olson:          P.J. O'Connor, Esq.
23                             4740 Grand Ave., Ste. 300
                               Kansas City, MO  64112
24                             (816) 701-1100

25

```
 1

 2

 3

 4

 5   For Def. Wilson:                Christine M. Blegen, Esq.
                                     212 NE Tudor Rd.
 6                                   Lee's Summit, MO   64086
                                     (816) 524-7023
 7

 8

 9
     Court Audio Operator:           Ms. Lori Carr
10

11

12

13   Transcribed by:                Rapid Transcript
                                     Lissa C. Whittaker
14                                   1001 West 65th Street
                                     Kansas City, MO   64113
15                                   (816) 914-3613

16

17

18

19

20

21

22

23

24   Proceedings recorded by electronic sound recording, transcript
     produced by transcription service.
25
```

1          (Court in Session at 11:26 a.m.)

2          THE COURT:  All right.  Good morning.  We're here on

3  Case No. 11-223.  If counsel would state their appearance.

4          MR. NELSON:  Your Honor, Dan Nelson and Tom Larson,

5  AUSAs for the United States.

6          MR. FOWLER:  May it please the Court?  Is this

7  microphone on?  May it please the Court?  Mr. Morris appears by

8  phone and by and through Robin Fowler.

9          MR. O'CONNOR:  P.J. O'Connor appears on behalf of Karen

10  Olson, who also is -- appears via conference phone.

11          MS. BLEGEN:  Christine Blegen appearing on behalf of

12  Jennifer Wilson, who appears by telephone.

13          MR. GROMOWSKY:  Good morning, Your Honor.  John

14  Gromowsky for Jeffrey Olson, who appears by telephone.

15          THE COURT:  All right.  Can everyone on the phone hear?

16  All right.  Mr. Morris, are you able to hear us?  Ms. Wilson, can

17  you hear us?

18          MS. WILSON:  It's difficult.  I can hear you clearly,

19  but who was just speaking, I couldn't.

20          THE COURT:  All right.  Mr. Olson, Ms. Olson, can you

21  hear us?

22          MR. OLSON:  Yes.

23          MS. OLSON:  Yes.

24          THE COURT:  All right.  And, Mr Morris, can you hear us?

25          MR. MORRIS:  Yes, ma'am.

1      THE COURT:  All right.  If at any time you can't hear,
2  let us know.  We're going to try to ask everybody to speak into
3  the microphones and to, you know, make sure we can hear you.
4  We're here to talk about when the case should be set for trial.
5  It was originally set on the very first available setting in
6  November, but given the amount of discovery, I think all counsel
7  are in agreement, obviously, they cannot be ready to try the case
8  in November.  We've had, because of the number of defendants,
9  we've had several sessions today to talk about when the case
10  might be ready for trial.  One trial date we've talked about is
11  April 23rd, but for that trial date, if we were going to go to
12  trial then, the pretrial motions would need to be filed at the
13  beginning part of January to give us a chance to get all the
14  briefing done, to get everything heard and orders issued in
15  advance of our rule date.  Another date that we've talked about
16  would be the July docket.  And during our last session, the
17  attorneys in that session asked for a deadline of April 1st for
18  filing motions and then with a date of April -- 21 days later,
19  April 22nd or thereabouts for the Government to respond.  So, I
20  guess I'm interested in hearing from counsel here today what they
21  think would be appropriate in terms of pretrial filing deadlines,
22  which really somewhat dictate then when the trial can be.

23      MR. FOWLER:  Your Honor, this is Robin Fowler on behalf
24  of Mr. Morris.  I was present at one of the previous hearings
25  this morning.  I know the Court's aware of this, but just for the

1  record, there are somewhat in excess of 11,000 pages of

2  discovery.  That probably is certainly not all documents are

3  relevant to all defendants, but it's a large amount of discovery.

4  It's still, some of it at least, in the -- is still being

5  produced.  I think the January 23rd deadline for, or early

6  January deadline for motions is probably going to be difficult to

7  meet.  On behalf of Mr. Morris, we would prefer the July docket.

8  I've discussed that time frame with Mr. Morris, and he's

9  certainly in agreement with it and knows that that will be

10 excluded for speedy trial.

11        THE COURT:  And our only problem, I think, with the July

12 docket, we already have some lawyers that have cases set on the

13 July docket.  And the issue really is should we just go ahead and

14 pick the first available docket where we think folks can be ready

15 and then see if all 14 defendants are truly going to trial then

16 or, if some people have resolved the case prior to then, if any

17 of the lawyers remaining have conflicts.  But just I want to

18 assure everybody that if you have another trial setting, we'll

19 certainly work around that.  Government and a number of counsel

20 have a June trial setting that, I think, would make it difficult

21 to set this case in June.

22        MR. O'CONNOR:  Judge, P.J. O'Connor on behalf of Karen

23 Olson.  I've discussed the continuance request with Ms. Olson.

24 She's in agreement, and I would ask for at least the July date

25 just because of that motions deadline in January.

1    MS. BLEGEN:  Good morning, Your Honor.  Christine Blegen

2  on behalf of Jennifer Wilson.  I have advised Ms. Wilson that

3  some of the defendants have filed motions asking for the April

4  docket, and we had discussed that we had no objections to that

5  date.  I had not taken into account the motion deadline being in

6  January.  I don't believe that we have an objection to going to a

7  later docket.

8    THE COURT:  Okay.

9    MR. GROMOWSKY:  Your Honor, John Gromowsky for Mr.

10  Olson.  I've discussed with my client the fact that in previous

11  hearings, attorneys had in this Court had recommended at least

12  mid-summer and perhaps as late as September docket.  My client

13  has no conflict with any of those dates.  I also can be

14  available, and I do think that trying to file motions, to the

15  extent there are any, by sometime in January is pretty

16  unrealistic, given the fact that we're still receiving discovery.

17  Obviously, the Government's, you know, done their part to get us

18  the initial discovery.  But it's my understanding from listening

19  in on the last hearing, there's potentially 2 terabytes of

20  computer data to come, not all of which is particularly relevant

21  to the case, but that will have to be sorted through by both the

22  Government and defendants before we can do that.  So, I think

23  that the later trial dates are certainly more realistic.

24    THE COURT:  And just so the defendants on the phone

25  understand, once briefing is completed on motions, the Court then

1  needs an opportunity and a time to review them to look at the

2  cases to write an order.  In addition, if anyone asks for a

3  hearing, we have to schedule that and get a transcript back.  And

4  then once we issue an order on most pretrial motions, we do it by

5  Report and Recommendation.  And so, we have to allow 14 days

6  under the rules for you to file objections that the District

7  Judge would then have to consider.  And so, for example, on the

8  April 23rd docket, the last date that we can file Reports and

9  Recommendations would be April 3rd.  But if the parties would

10 take, you know, all of the time given them to file objections, it

11 really wouldn't leave the District Court much time to consider

12 the motions.  And that's why I was saying in a case with 14

13 defendants and perhaps multiple motions, we'd want to have our

14 rulings out by probably mid-March at the latest, which is why we

15 would have to require that you file your motions in January, let

16 us take a look at them or have hearings in February and then try

17 to get rulings out in March.  So, I know that seems like kind of

18 a cumbersome process, but that is really why we need to have the

19 motion deadline well in advance of the trial setting in these

20 particular cases.  For the July docket, which starts July 9th, we

21 would obviously, our last rule date is June 19th.  But again,

22 we'd want to have everything ruled by, you know, the first part

23 of June.  Turning to discovery matters now pertaining to these

24 defendants, do any of these defendants have prior convictions?

25          MR. NELSON:  No, Your Honor.

1          THE COURT:  And any statements from any of these

2    defendants?

3          MR. NELSON:  Yes, Your Honor.  We have statements from

4    Mr. and Mrs. Olson and Ms. Wilson.

5          THE COURT:  And any evidence obtained by search and

6    seizure?

7          MR. NELSON:  No, Your Honor.

8          THE COURT:  Any electronic surveillance?

9          MR. NELSON:  Your Honor, while they were not the subject

10   of classic electronic surveillance, we do have recorded

11   statements from Mr. and Mrs. Olson and Ms. Wilson.

12         THE COURT:  And any lineups or photo -- (sneezing)

13   pardon me -- I.D.s?

14         MR. NELSON:  Your Honor, yes, as to Mr. Morris, and yes,

15   as to Ms. Wilson.

16         THE COURT:  And any informants?

17         MR. NELSON:  No, Your Honor.

18         THE COURT:  Any promises to witnesses?

19         MR. NELSON:  No, Your Honor.

20         THE COURT:  Expert testimony?

21         MR. NELSON:  Your Honor, the Government anticipates

22   three expert witnesses.  Mark Everson from IRS to testify about

23   the Fire system, an IRS -- a second IRS witness to testify about

24   the tax return process and, third, a handwriting expert.

25         THE COURT:  All right.  Any *Brady* or *Giglio*?

1              MR. NELSON:  No, Your Honor.

2              THE COURT:  On defendants' behalf, anyone intend to file

3      motions relating to competency or diminished mental

4      responsibility?

5              MR. GROMOWSKY:  No, Your Honor.

6              MR. O'CONNOR:  No, Your Honor.

7              THE COURT:  And right now any defenses other than

8      general denial?

9              MS. BLEGEN:  No, Your Honor.

10             THE COURT:  Okay.

11             MR. FOWLER:  No, Your Honor.

12             THE COURT:  Does the Government have relevant offense

13     conduct?

14             MR. NELSON:  Yes, Your Honor.

15             THE COURT:  As to all four of these defendants?

16             MR. NELSON:  Your Honor, just as to the Olsons.

17             THE COURT:  And any Rule 404(b)?

18             MR. NELSON:  Yes, Your Honor, as to the Olsons.

19             THE COURT:  And will everyone file Jencks Act material

20     at least ten days prior to trial?

21             MR. NELSON:  Yes, Your Honor.

22             MR. FOWLER:  Yes, Your Honor.

23             THE COURT:  All right.  What I plan to do, as a result

24     of the hearings that I've had now, is meet with the District

25     Judge, talk to him about how long he thinks, given the volume of

1   discovery, we need to allow for filing pretrial motions, and then

2   we'll, you know, select the earliest trial date that we can

3   following the filing and ruling of those motions.  Is there

4   anything else that we need to address?

5               MR. NELSON:  No, Your Honor.

6               MR. FOWLER:  No, Your Honor.

7               THE COURT:  All right.  Then we'll be in recess.

8                    (Court Adjourned at 11:36 a.m.)

1

2

3

4

5

6          I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
7    above-entitled matter.

8
          /s/ Lissa C. Whittaker        November 15, 2011
9          Signature of transcriber          Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25